UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JULIA LOUISE MCDUFFY-JOHNSON           CIVIL ACTION NO. 19-cv-1193

VERSUS                                  JUDGE DOUGHTY

DANIEL A. LANE, III, ET AL              MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Julia Louise McDuffy-Johnson ("Plaintiff"), who is self-represented, filed this civil action on a civil rights complaint form. She names as a defendant Daniel A. Lane, III.[1] Plaintiff alleges that Defendant has used "cyber technology" to sexually assault her. For the reasons that follow, it is recommended that the complaint be dismissed as frivolous.

### The Allegations

Plaintiff's complaint states:

> The defendant has both met with plaintiff in person and told her of his knowledge of a device housing data with her whole life on it, (2006) as well as been the primary participant in perpetrating crimes against her by the using thereof, anatomical and sex crime. Defendant sing the said means does hinder plaintiff's prayer times (he can hear and see when she prays). He rapes via "cyber technology" to hurt plaintiff's body for retaliation. He does raping when plaintiff meditates holy scriptures, uses the said to coerce plaintiff to have sex with telepathic "sensual" forged weapon(s).

Doc. 1, Part III. Plaintiff claims that she is damaged by the

---

[1] The complaint lists "Sunny" and "Bubba" along with Lane as defendants. However, Plaintiff provides the same residence and email addresses for all three and alleges claims against only one individual. Thus, the court assumes "Sunny" and "Bubba" are aliases for Lane.

> installation of cyber weaponry installed to plaintiff's anatomical portals. The installation(s) of said damage is lifelong, malicious and "active". It gives defendant the ability to repeat offend at his will twenty-four hours a day, 365 days per year since 2005…. The weapon (super imposed) causes plaintiff inability to protect herself…. It is a severe security breach leaving only certain spiritual uniquenesses without threat of vandalism and assault. The device has properties of espionage, destruction of evidence, audio/visual to name a few. The latter where defendant through noise pollution, videos sometimes pornography disturbs the peace nearly every day for past few months.

Id. at Part IV. Plaintiff requests the court to strip the defendant "of all weapons used to harm others maliciously or/and remove him from accessing them," to imprison defendant, to "bind him 'hand and feet' and allow no more damage to any other," and to order him to pay restitution. Id.[2]

**Authority to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows a district court to dismiss a complaint for failure to state a claim on which relief can be granted. "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (*sua sponte* invocation of defense in Report and Recommendation satisfied due process).

---

[2] Plaintiff's complaint appears to be a copy of the complaint filed in a prior case. McDuffy-Johnson v. Lane, et al, 19-cv-0375. Magistrate Judge Hayes issued a report and recommendation to dismiss the complaint as frivolous, and Chief Judge Hicks adopted that report and recommendation on April 16, 2019. Plaintiff appealed the decision to the Fifth Circuit Court of Appeals, but the appeal was dismissed for want of jurisdiction.

Dismissal of a complaint under Rule 12(b)(6) is appropriate if it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007). The complaint must allege enough facts to move the claim "across the line from conceivable to plausible." Id. Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).

Rule 12(b)(6) does not ordinarily allow dismissal based on the mere fact that a judge does not believe a complainant's factual allegations. Dismissal has nonetheless been found appropriate when the well-pleaded facts were clearly baseless because they were fanciful, fantastic, or delusional. See, e.g., Gallop v. Chaney, 642 F.3d 364 (2d Cir. 2011) (dismissing a complaint that set forth a fantastical alternative history of the September 11, 2011 terrorist attacks). Some courts have responded to such complaints by dismissing for lack of subject-matter jurisdiction under Rule 12(b)(1) when the allegations in a complaint are absolutely devoid of merit, wholly insubstantial, obviously frivolous, or no longer open to discussion. See Degrazia v. F.B.I., 316 Fed. Appx. 172 (3d Cir. 2009) (dismissing case based on "fantastic scenarios lacking any arguable factual basis").

Plaintiff is proceeding in forma pauperis in this case, so 28 U.S.C. § 1915(e) provides another basis on which to review the complaint. The statute allows the court to review and dismiss the complaint if it is frivolous or malicious or fails to state a claim upon which relief may be granted. It allows a claim to be dismissed as frivolous if it lacks an arguable basis in law or fact. The complaint lacks an arguable basis in fact when "the facts

alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." Samford v. Dretke, 562 F.3d 674, 678 (5th Cir. 2009), quoting Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

**Dismissal is Warranted**

This complaint warrants dismissal to avoid any further waste of the court's time processing filings in this case, which have a tendency to multiply quickly in cases of this nature. Plaintiff's allegations regarding the defendant's use of cyber technology and telepathy clearly meet the definition of frivolous. Not only are the claims incoherent, they are irrational, wholly incredible, and lack any factual support or legal basis. Courts have routinely considered similar allegations to be so delusional as to warrant dismissal as frivolous. See, e.g., Phillips-Berry v. Trump, 2019 WL 1239798, at *1 (5th Cir. 2019) (finding plaintiff's claim that defendants "conspired to implant a device into her body that causes her pain and controls her mind" to be "incoherent and wholly lacking any legal basis"); Johnson v. D.E.A., 137 F. Appx. 680, 680-81 (5th Cir. 2005) (dismissing as frivolous plaintiff's claim that the Drug Enforcement Agency implanted a transmitter in his scalp that subjected him to "extremely high numbers of sexual assaults"). See also Bill Clinton Bugged My Brain!: Delusional Claims in Federal Courts, 72 Tulane L.Rev. 1809 (1998) (noting such authority but cautioning against its abuse).

Additionally, to the extent Plaintiff requests that the defendant be prosecuted, she has failed to state a viable claim. "It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion." Lewis v. Jindal, 368

F. Appx. 613, 614 (5th Cir. 2010). A private citizen has no constitutional right to have someone criminally prosecuted. Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990).

**Sanctions Warning**

If this case is dismissed as frivolous, as recommended, it will be at least the second time Plaintiff has filed a frivolous complaint. The court has inherent authority to structure sanctions that are necessary or warranted to control its docket and maintain the orderly administration of justice. See Whitehead v. White & Case, LLP, 2012 WL 1795151, *4 (W.D. La. 2012).

Plaintiff is warned against making any future frivolous filings. Such complaints, and there are all too many of them, consume the resources of the court and the community and delay justice for citizens who have legitimate business before the court. If Plaintiff continues to file frivolous matters, a sanction adequate to deter such wasteful abuse will be recommended. That may include monetary sanctions, a ban on filing as a pauper, or a ban on filing a new complaint without prior consent of a district judge.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §1915(e).

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of September, 2019.

Mark L. Hornsby
U.S. Magistrate Judge